## AFFIDAVIT IN SUPPORT OF
## A CRIMINAL COMPLAINT

I, Patrick Dawley, depose and state as follows:

## AGENT BACKGROUND

1. I am a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") since February 2019. I am currently assigned to ATF's Manchester, New Hampshire Field Office. As an ATF Special Agent, I investigate violations of federal firearms laws set forth in Title 21 and Title 26 of the United States Code. While training to become a Special Agent, I attended the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia for six-and-a-half months. During my time at FLETC, I received training in practices and methods of illegal firearm possessors, firearm traffickers, and related federal criminal statutes. In addition, I completed the ATF Firearms Interstate Nexus Training conducted at the ATF National Tracing Center in Martinsburg, West Virginia, in which I received specific instructions as well as various reference materials regarding the origin of firearms and ammunition. I have examined the ATF Firearms Technology Branch's Reference Collection, which includes approximately 20,000 firearms. I have trained local and state law enforcement partners in firearms identification and firearms tracing.

2. Prior to becoming an ATF Special Agent, I was a police officer for the Reading, Massachusetts Police Department for approximately seven years. During that time, I was assigned the ancillary duties as Firearms Instructor, Armorer, Weapons Custodian and Firearms Licensing Authority between 2016-2019. These ancillary duties required me to personally render safe and physically examine hundreds of firearms and thousands of rounds of ammunition.

3. Over the course of my law enforcement career, I have conducted and/or participated in a number of investigations involving state and federal firearm and controlled substance

violations. I have interviewed multiple victims, sources of information, witnesses, suspects, and defendants regarding various types of criminal activity. I have also served search warrants for various crimes and have made criminal arrests for firearm and controlled substance violations. I participated in state and federal investigations involving possession of illegal weapons including firearms, improvised explosive devices and possession of controlled substances. I also conducted numerous investigative stops and probable cause searches of people and vehicles. I participated in physical surveillance operations and participated in the execution of state and federal arrest warrants.  Based on my training, knowledge, and experience, I am familiar with the manner and means commonly utilized regarding illegally possessed firearms by prohibited persons, to include violent felons and members of drug trafficking organizations. I am familiar with the utilization of privately made firearms, firearms with modified or obliterated markings and additional methods used to conceal the identification of a firearm in order to hinder law enforcement from being able to link firearms to the prohibited and/or illegal possessor.

## PURPOSE OF AFFIDAVIT

4.      I submit this affidavit in support of a criminal complaint alleging that Justin Angel OLIVER committed the offenses of possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d), and possession of a firearm unidentified by serial number, in violation of 26 U.S.C. § 5861(i).   As set forth herein, there is probable cause to believe that in the District of New Hampshire, OLIVER has violated the above-listed statutes.

5.      The information set forth in this affidavit is based on my personal participation in this investigation, as well as my training and experience, and information received from other law enforcement officers.   I have not set forth every detail I or other law enforcement agents know

about this investigation but have set forth facts that I believe are sufficient to evaluate probable cause of the issuance of the requested complaint.

## STATUTORY AUTHORITY

6. The National Firearms Act (NFA) is a comprehensive taxing scheme that regulates the manufacture, sale, and transfer of certain especially dangerous and concealable weapons. Under the NFA, a manufacturer, importer, or dealer of a covered firearm must register with the ATF, pay an occupational excise tax, and register each firearm with ATF in the National Firearms Registration and Transfer Record (NFRTR). 26 U.S.C. § 5841.

7. The word "firearm" is a term of art which has a particularized meaning in the context of the NFA and embraces only certain weapons. The term "firearm" includes "any silencer (as defined in section 921 of title 18, United States Code)". 26 U.S.C. § 5845(a)(7). The term "silencer" includes "any device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication." 18 U.S.C. § 921(a)(24).

8. 26 U.S.C. § 5861(d) makes it unlawful for any person "to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record".

9. 26 U.S.C. § 5861(i) makes it unlawful for any person "to receive or possess a firearm which is not identified by a serial number as required by this chapter".

## PROBABLE CAUSE

10. On August 2, 2021, the Manchester, New Hampshire Police Department (MPD) conducted surveillance and arrested OLIVER, who had outstanding warrants from Hillsborough County for driving while certified as a habitual offender (a felony), disobeying a police officer (a

misdemeanor), and identity fraud (a felony). During the surveillance operation, officers observed OLIVER operating a white 2014 Land Rover Range Rover. Based on prior encounters with OLIVER, officers knew that OLIVER was known to carry firearms on his person. Based on safety concerns, members of the MPD SWAT team conducted a motor vehicle stop of OLIVER. In addition to OLIVER, officers identified the front passenger of the vehicle as Becky Smagula. During the arrest of OLIVER, members of SED observed, in plain view, a black handle of a firearm tucked in between the front driver's seat and center console. Smagula advised officers that the firearm did not belong to her and she did not know to whom the firearm belonged; however, she advised that she possessed cocaine in her purse that was inside the vehicle. The vehicle was secured pending a state search warrant.

11.    Investigators obtained and executed a state search warrant for the white Range Rover later on August 2, 2021. Pursuant to the search warrant, law enforcement retrieved the firearm observed in plain view during OLIVER's arrest. The firearm was identified as a Glock, unknown model, 9x19mm pistol, bearing serial number BCBY086, with an attached silencer of an unknown make, model or serial number and a thirty-one-round capacity magazine containing seventeen (17) rounds of 9x19mm Luger ammunition. In addition, officers recovered the following items from inside the vehicle: a pistol holster located in the left rear passenger door map pocket; a fifteen-round capacity magazine containing fourteen (14) rounds of 9x19mm Luger ammunition, located in the center console; camouflage body armor located in the trunk; $2269.00 US currency located in a wallet in the center console; approximately 1.8 grams of suspected methamphetamine, located in a lockbox in the trunk; approximately 31.1 grams of suspected marijuana, located on the rear passenger seat; approximately 32.9 grams of suspected marijuana, located in the right rear

passenger door map pocket; and approximately 14.7 grams of suspected cocaine from a purse on the front right passenger floorboard.

12. On September 28, 2021, I examined the Glock pistol and unmarked silencer at MPD Headquarters, located at 405 Valley Street, Manchester, New Hampshire. I observed that the silencer, which had no identification marks as required by law, to be an elongated metal tube with two threaded end caps with bore holes on both ends, consistent with the bore of the barrel of the Glock pistol it was attached to. I observed the silencer to be attached to the Glock pistol by a protruding threaded piece of metal that screwed onto the threaded barrel of the Glock pistol. I disassembled the silencer by removing it from the pistol, then removing the end caps. On the end that attached to the pistol, I observed a large spring that I know through my training, knowledge, and experience to be part of a silencer component called the Neilsen Device. I know that a Neilsen Device assists in the recoil of the pistol the silencer is attached to, due to the excessive weight of an attached silencer that would otherwise hinder the cycle of fire of the pistol. I also observed the silencer to contain nine (9) stacked baffles. I know that baffles are metal pieces inside of a silencer used to trap and cool the gasses expelled during the explosion upon firing the firearm it is attached to. Photographs of the Glock pistol and unmarked silencer are shown below:

 




Based on my personal examination as well as my training and experience, I believe that the silencer meets the definitions of "firearm" as set forth in 26 U.S.C. § 5845(a)(7) and "silencer" as set forth in 18 U.S.C. § 921(a)(24).

13. In addition, I provided photographs of the Glock pistol and unmarked silencer to ATF Firearms Enforcement Officer Leonard Reloza of the Firearms and Ammunition Technology Division in Martinsburg, West Virginia. After reviewing the photographs, Officer Reloza concurred with my opinion that the silencer meets the definitions of "firearm" as set forth in 26 U.S.C. § 5845(a)(7) and "silencer" as set forth in 18 U.S.C. § 921(a)(24).

14. Based on my training and experience, I know that that I know that a firearm, to include a silencer, without a serial number could not be registered to the NFRTR and therefore cannot be possessed lawfully be possessed and was inherently illegal.

15. On September 28, 2021, I conducted a search of the NFRTR for any firearms registered to OLIVER. The search yielded negative results.

16. Based on my review of OLIVER's criminal history, which includes a 2013 conviction for burglar, 2013 convictions for drug sales, 2002 convictions for drug sale, a 2009 conviction for disobeying a police officer, I believe that OLIVER is a convicted felon and

6

prohibited from lawful possession of firearms. However, at the time of this application, I have not received the certified records for his prior convictions to confirm his status as a prohibited person.

17. Based on the foregoing, I submit that there is probable cause to believe that Justin Angel OLIVER committed the offenses of possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d), and possession of a firearm unidentified by serial number, in violation of 26 U.S.C. § 5861(i).

/s/ Patrick Dawley
Patrick Dawley, ATF Special Agent

The affiant appeared before me by telephonic conference on this date pursuant to Fed. R. P. 41 and affirmed under oath the contents of this affidavit and application.

Date: Sep 30, 2021

Time: 2:30 PM, Sep 30, 2021

The Honorable Andrea K. Johnstone
United States Magistrate Judge